HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROLAND L. STEVENS and SHIRLEY J. STEVENS,<br><br>    Plaintiffs,<br><br>    v.<br><br>CBS CORPORATION, et al.,<br><br>    Defendants. | CASE NO. 3:11-cv-06073 RBL<br><br>ORDER ON PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY<br><br>[Dkts. #67, 71, 75] |

THIS MATTER is before the Court on Plaintiffs' Motions to Compel Discovery from Carrier Corporation [Dkt. #67], IMO Industries, Inc. [Dkt. #71], and Warren Pumps, LLC [Dkt. #75]. As the three individual motions raise substantially the same issues, they will be addressed together. After reviewing the pleadings submitted,[1] Plaintiffs' Motions are GRANTED in part and DENIED in part.

---

[1] The Court notes that Defendants IMO Industries, Inc. and Warren Pumps, LLC did not file responses to Plaintiffs' Motions to Compel.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Nature of the Case

Plaintiff Roland Stevens served as a boilermaker in the U.S. Navy from 1954 until 1974. (Pl.'s Mot. to Compel at 2, Dkt. #67.)  He inspected, maintained, repaired, and overhauled boilers and their associated pumps, valves, forced draft blowers, and other equipment on dozens of Navy vessels. (*Id.*)  After retiring from the Navy, he continued to do similar work at the Puget Sound Naval Shipyard (PSNS) until 1988.  (*Id.*)  Mr. Stevens was diagnosed with mesothelioma in November, 2011.  (*Id.*)

The Complaint alleges that throughout Mr. Stevens' career in the Navy and at PSNS he contacted asbestos-containing materials in Defendants' equipment: Carrier refrigeration equipment and forced draft blowers; pumps and steam turbines manufactured by IMO Industries, Inc.'s predecessor-in-interest, DeLaval Turbine, Inc.; and pumps and steam turbines manufactured by Warren Pumps, LLC. (Complaint at 2, Dkt. #1.)  Plaintiffs allege that Defendants supplied and repaired asbestos-containing components and replacement parts for equipment at Mr. Stevens' various worksites.  (*Id.*)  Plaintiffs anticipate Defendants will put forth a "bare metal" defense—that the components and replacement parts they supplied to Mr. Stevens' worksites did not contain asbestos.  (Pl.'s Reply to Def. Carrier Corp.'s Opp. at 5, Dkt. #78.)

### B. Discovery Dispute

Plaintiffs seek to compel Carrier, IMO, and Warren Pumps to provide substantive responses to their interrogatories and requests for production (RFP).  (Pl.'s Mot. to Compel at 1, Dkt. #67).  The interrogatories request information about asbestos-containing components and replacement parts made by Defendants, revenues from those components and repair work, and

the locations where Defendants' personnel assisted with maintenance of the equipment. (Knudson Decl., Ex. 1, Dkt. #67 at 5-16.)  The RFPs seek documents relating to Defendants' equipment on eleven U.S. Navy vessels,[2] catalogues, annual reports, and contracts with the United States and Navy Shipyards.  (*Id*.)

Defendant Carrier renews its original objections that the requests are vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to admissible evidence. (Def. Carrier Corp.'s Opp. to Pl.'s Mot. to Compel at 6-8.)  Carrier provided some supplemental responses to Plaintiffs' RFPs.  (*Id*. at 4.)  Defendants IMO and Warren Pumps objected to the interrogatories but did not respond to Plaintiffs' Motions to Compel.

## II.  DISCUSSION

Under Federal Rule 26, governing the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

In their responses to interrogatories, Defendants each incorrectly object that there is no evidence Mr. Stevens worked with or around their products at his worksites.  Prior to the request for interrogatories, Plaintiffs produced information in the Complaint, the First Amended Complaint, the Responses to Style Interrogatories, and naval archive records showing specific equipment from each Defendant on many of Mr. Stevens' Navy and PSNS ships.

---

[2] The USS Eugene A. Greene, USS Yellowstone, USS Annapolis, USS Wright, USS Beatty, USS Kitty Hawk, USS Coral Sea, USS Belleau Wood, USS Sacramento, USS Camden, and the USS Berkeley. (Knudson Decl., Ex. 1, Dkt. #67 at 13.)

1    Defendants also incorrectly suggest that their discovery responsibilities are limited to the
2 ships that Plaintiffs know to contain their equipment. The purpose of discovery is to obtain
3 potentially relevant information, not simply to confirm facts already known.
4    Plaintiffs request each and every asbestos-containing component manufactured, sold, or
5 supplied by Defendants to all customers over a thirty year period. Their suggestion that this is a
6 relevant and "modest" request is perplexing. Plaintiffs' legal authority is not on point. *Roesburg
7 v. Johns-Manville Corp.*, 85 F.R.D. 292 (D.C. Pa. 1980) does involve asbestos and discovery, but
8 differs in the most important manner: factual allegations. Mr. Roesburg, as Plaintiffs note,
9 alleged a conspiracy that predated his contact with the defendant's asbestos components; thus,
10 discovery for documents prior to his time of employment was permitted. Plaintiffs here make no
11 such allegation, yet they still request discovery beyond Mr. Stevens' alleged contact with
12 Defendants' components during his years of Navy and PSNS work.
13    Plaintiffs fail to set forth more than conclusory reasoning for their broad request.
14 Plaintiffs do not indicate how components wholly unrelated to the Navy or PSNS would be part
15 of a potential "bare metal" defense. Nor do they indicate the type of relevant information that
16 could possibly be discovered by this broad request. Mr. Stevens' alleged asbestos-contact
17 occurred while working aboard Navy and PSNS ships between 1954 and 1984. Plaintiffs can
18 still adequately address Defendants' "bare metal" defense without the overly broad and unduly
19 burdensome request for every asbestos-component manufactured and sold for thirty years.
20 Therefore, the motions to compel documents requested for components outside of those dates or
21 to other entities are denied, as the burden or expense of the proposed discovery outweighs its
22 likely benefit. Fed. R. Civ. P. 26(b)(2)(C). The motions to compel documents regarding
23
24

Defendants' alleged asbestos-components and replacement parts manufactured, sold, or supplied to vessels Mr. Stevens worked on in the Navy or at PSNS between 1954 and 1984 are granted.[3]

### III.   CONCLUSION

The motions to compel for Interrogatories No. 1 and No. 2 are granted, but limited to asbestos containing components manufactured, sold, or supplied to the Navy and PSNS vessels Mr. Stevens claims he worked on between 1954 and 1984.

The motions to compel for Interrogatories No. 3, No. 4, No. 5, No. 6, No. 7, and No. 8 are granted, but limited to the time period between 1954 and 1984.

The motion to compel for RFP No. 1 is granted, but limited to documents between 1954 and 1984.

The motion to compel for RFP No. 2 is granted, but limited in scope to documents furnished to the U.S. Navy or PSNS.

The motion to compel for RFP No. 3 is granted.

The motions to compel for RFPs No. 4 and No. 5 are granted, but limited to contracts and agreements with the U.S. Navy or PSNS.

The motion to compel for RFP No. 6 is granted.

IT IS SO ORDERED

Dated this 29th day of August, 2012.

/s/ Ronald B. Leighton
Ronald B. Leighton
United States District Judge

---

[3] The supplemental documents submitted by Defendant Carrier briefly address two of the RFPs, but fail to provide substantive responses to other RFPs or any of Plaintiffs' interrogatories.